Perhaps the terms "prima facie" and "presumptive" evidence may not be used with perfect accuracy in the act of 1850, ch. 15. But some reasonable meaning must be given to them, and such as will carry out the legislative intention, if it can be discovered. It is not necessary, for that purpose, to enter into a critical disquisition as to their precise signification and difference, because, as found in the act, they are obviously used in contradistinction. Keeping that circumstance in mind, and having regard to the construction given to the expression "prima facie evidence" in the act of 1814, and also to the fact that it had been held that the woman, when offered as a witness on the trial of an issue, might be discredited and impeached, though her examination could only be disproved, it would seem sufficiently clear that, as evidence, the act meant to put the examination before the justices on the same footing with the testimony of the woman in person. Therefore, it was competent for the defendant to offer any evidence calculated to impair confidence in the examination as the oath of the particular woman.
It seems probable that, in practice, the act will not prove salutary, but will defeat the whole policy of the bastardy laws. But that is for legislative and not judicial consideration and correction; and it should not be allowed to affect the construction of the act, so as to prevent a fair one being put on it, in conformity with the purpose of the Legislature.
The judgment must be reversed, and a venire de novo awarded.
PEARSON, J., dissenting.
PER CURIAM. Venire de novo.
Cited: S. v. Pate, 44 N.C. 245; S. v. Britt, 78 N.C. 441.
(388)